### STATE v MORROW

Ohio Appeals, 9th Dist. Summit Co

No 2908. Decided June 4. 1937

Alva J. Russell, Pros. Atty., Akron, and Glenn A. Peters, Asst. Pros. Atty., Akron, for appellee.

Slabaugh, Seiberling, Huber & Guinther, Akron, for appellant.

### OPINION

By WASHBURN, J.

This cause is before the court to review, on questions of law, a proceeding in contempt, in which Walter Morrow was the respondent.

At the time of the impaneling of a grand jury, the judge then presiding, Hon. Walter B. Wanamaker, announced an order made by him that newspapers should not, without permission of court, publish the names of the persons serving as grand jurors, or the names of witnesses summoned to appear before the grand jury, or the matters under investigation concerning which the witnesses were summoned. Immediately after said announcement, the judge excluded the representatives of the newspapers and the public from the court room, and charged the grand jury in secret.

Said order prohibited the exercise of rights freely exercised by individuals and newspapers, without question, for generations—rights supposed to be protected by the constitution and laws of the land.

The respondent, an editor of a newspaper, with knowledge of such announcement, and without seeking permission of the judge, published the names of the grand jurors, the names of some of the witnesses so summoned, and the matters under investigation concerning which such witnesses were summoned.

Promptly thereafter, the respondent was charged by said judge with contempt for publishing said matters of fact without the permission of the court, and was by said judge tried, found guilty, and sentenced

The matters of fact thus published by the respondent were all matters of public record, kept by the clerk in a public office according to law, and were available to any member of the public desiring to see such records.

In said publications there was no abuse or ridicule of the court, or of the grand jurors or witnesses, or of any one connected with the court, or of any one whatsoever; there was nothing in said publications, except the information as to facts already public, which in the slightest degree could possibly hinder, obstruct, delay, or influence the court or the grand jurors, in the exercise of their proper functions, or which in any manner cast a reflection upon anyone.

The publications themselves in no wise offended against the dignity of the court; the only affront to the dignity of the court, if any, was the refusal of the respondent to submit to the censorship of the judge which was proclaimed in said order; and if the court had no power to make an order prohibiting, without permission, the publication of mere matters of fact contained in public documents filed in a public office, then the challenge of the court's authority was justified.

In that event, the order being void, and said challenge being a simple ignoring of the order, and there being nothing in the manner of doing what was done, or the circumstances under which the act was done, which was disrespectful to the court or a hindrance to the administration of the affairs of the court, there was no contempt of court.

After due consideration of all of the circumstances shown by the record, of the authorities cited by counsel, and of other authorities, we have reached the conclusion, and hold, that said judge did not possess the power, either by legislative enactment or inherently by virtue of his office, to make said order; that therefore said order was unlawful, and that the violation of the same by the respondent was not a contempt of court.

Judgment reversed and respondent discharged.

STEVENS, PJ, and DOYLE, J, concur in judgment.